OPINION
{¶ 1} Defendant-appellant Keith G. Smith appeals from his conviction and sentence, following a guilty plea, on one count of Receiving Stolen Property. His appellate counsel has filed a brief pursuant to Anders v.California (1967), 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1396, not having found any potential assignments of error *Page 2 
having arguable merit.
 {¶ 2} By entry filed herein on October 4, 2007, we allowed Smith sixty days within which to file his own, pro se brief. He has not done so.
 {¶ 3} We have performed an independent review of the record, as required by Anders v. California, supra, and we have found no potential assignments of error having arguable merit.
 {¶ 4} Smith was charged by indictment with one count of Possession of Criminal Tools and one count of Receiving Stolen Property. He filed a motion to suppress evidence, contending that it was obtained as the result of an unlawful search. After a hearing, his motion to suppress was overruled.
 {¶ 5} Smith entered into a plea bargain whereby he pled guilty to the Receiving Stolen Property count, and the Possession of Criminal Tools count was dismissed. Under the terms of this bargain, Smith was to receive an eight-month sentence, to be served concurrently with an eight-month sentence imposed in another case. At sentencing, the agreed-upon sentence was imposed.
 {¶ 6} The plea hearing was complicated by Smith's desire for the return of two vehicles seized by the police, without having to pay towing and storage fees. The State did not contest the return of the vehicles, but did object to the waiver of the towing and storage fees. Upon the trial court's indicating its intention to order the return of the vehicles, waiving the imposition of the towing and storage fees, as long as Smith's trial counsel could produce legal authority supporting the trial court's authority to do so, Smith elected to proceed with the plea. We have reviewed the transcript of the plea hearing, and although Smith was focused on the issue involving the two vehicles, there is no *Page 3 
indication that he failed to understand the rights he was waiving, or the other consequences, of his guilty plea, which the trial court carefully explained to him.
 {¶ 7} Smith did move to withdraw his plea, but this appears to have been a result of his concern about the return of his vehicles and the State's perceived intransigence on this issue. At the sentencing hearing, when the trial court ruled from the bench in Smith's favor on the issue of the return of the vehicles, Smith withdrew his motion to withdraw his plea. The trial court then imposed the agreed-upon sentence of eight months, to be served concurrently with an eight-month sentence imposed in another case.
 {¶ 8} After having reviewed the entire record, we have found no potential assignments of error having arguable merit. We conclude that Smith's appeal is wholly frivolous. Accordingly, the judgment of the trial court is Affirmed.
 WOLFF, P.J., and GRADY, J., concur. *Page 1